UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA GIORLANDO**, <br> individually and on behalf of <br> all others similarly situated, <br><br> *Plaintiff,* <br><br> VERSUS <br><br> **LUMBER LIQUIDATORS, INC.**, <br> a Delaware corporation, <br> **LUMBER LIQUIDATORS LEASING, LLC**, <br> a Delaware limited liability corporation, <br> **LUMBER LIQUIDATORS HOLDINGS, INC.**, <br> a Delaware corporation, and <br> **LUMBER LIQUIDATORS SERVICES, LLC**, <br> a Delaware limited liability corporation, <br><br> *Defendants.* | **CASE NO.** <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Angela Giorlando ("**Plaintiff**"), individually and on behalf of all others similarly situated (the "**Class**," as defined below), brings this class action complaint against Defendants Lumber Liquidators, Inc., Lumber Liquidators Leasing, LLC, Lumber Liquidators Holdings, Inc., and Lumber Liquidators Services, LLC (collectively, "**Lumber Liquidators**" or "**Defendants**") and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## INTRODUCTION

1.      This is a proposed class action brought by Plaintiff on behalf of herself and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief arising

from and relating to the purchase and installation of Lumber Liquidators' laminate and engineered wood flooring materials manufactured in China ("**Chinese Flooring**").

2.      Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars.  As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring.  More than 100 million square feet of Lumber Liquidators' laminate flooring is installed in homes in the United States each year.  Although Lumber Liquidators is based in the United States, much of its laminate and engineered wood flooring is manufactured in China.

3.      This class action arises out of Lumber Liquidators' scheme to import into the United States, and to deceptively warrant, advertise and sell Chinese Flooring that fails to comply with relevant formaldehyde standards applicable to such products.

4.      Despite its direct representations to the contrary, Lumber Liquidators manufactures, distributes and sells Chinese Flooring that emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

5.      Further, contrary to Lumber Liquidators' repeated, detailed and uniform representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, at the time of purchase, the toxic formaldehyde emissions from its Chinese Flooring exceeds the maximum permissible limits set by the referenced standards many times over.

6.      Lumber Liquidators' illegal, deceptive and unfair conduct with respect to its manufacturing, marketing, and selling of Chinese Flooring has caused Plaintiff and Class

Members to suffer direct financial harm.  Plaintiff and Class Members' purchases are markedly less valuable because of the elevated level of formaldehyde emissions.  Plaintiff would not have purchased flooring from Lumber Liquidators, or would have paid significantly less for the flooring, had she known that the flooring contained elevated levels of the toxin formaldehyde.

## PARTIES

7.      Plaintiff, Angela Giorlando, is a person of the full age of majority domiciled and residing in the Parish of St. Tammany, State of Louisiana.

8.      Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and does business in the state of Louisiana.

9.      Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10.      Defendant, Lumber Liquidators Holdings, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

11.      Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum value of $5,000,000.00 and is a class action in which Members of the Class are citizens of a state different from Defendants.

13.      Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, because Plaintiff resides in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District.  In addition, Defendants do

business and/or transact business in this Judicial District, and therefore, are subject to personal jurisdiction in this Judicial District, and reside here for venue purposes.

<u>**FACTS COMMON TO ALL CLASS MEMBERS**</u>

14.    Lumber Liquidators was established in 1993 and has since become the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars.  As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring directly to homeowners or contractors acting on behalf of homeowners.  More than 100 million square feet of Lumber Liquidators' laminate flooring is installed in homes in the United States each year.

15.    Lumber Liquidators manufactures and purchases much of its wood and laminate flooring materials in China.  Lumber Liquidators has a representative office in Shanghai China and assumed direct control of its entire product sourcing in China, through its Chinese headquarters.

16.    Lumber Liquidators represents that it "negotiates directly with the mills, eliminating the middleman and passing the savings on to the customers."  Lumber Liquidators further represents itself as an "environmentally conscientious company [that] only purchases from suppliers who practice sustainable harvesting, which allows forests to heal and re-grow faster," and that "[a]t Lumber Liquidators, we believe hardwood flooring is a natural, healthy choice—for both you and the environment."

17.    During the Class Period, Lumber Liquidators manufactured, labeled and sold the toxic Chinese Flooring as being compliant with "CARB [California Air Resources Board] regulations in the State of California." CARB is an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.   Lumber Liquidators

4

represents that it requires all of its "suppliers [to] comply with California's advanced environmental requirements, even for products sold outside California."

18.     Contrary to these representations, Lumber Liquidators' Chinese Flooring is not CARB compliant.  Rather, the Chinese Flooring contains a dangerous level of formaldehyde gas, which exceeds the "CARB regulations in the State of California" and the federal standards promulgated in the Toxic Substances Control Act, 15 U.S.C. 2601, *et. seq*. (Title VI – Formaldehyde Standards of Composite Wood Products).

19.     Formaldehyde is hazardous to human health.  Its gases can cause cancer, asthma, chronic respiratory irritation and other ailments, including skin and breathing problems. The risk of these health problems is significantly greater for children.   Because the Chinese Flooring that Lumber Liquidators sold to Plaintiff and Class Members exceeds allowable levels imposed by CARB and the Toxic Substances Control Act, the Chinese Flooring poses great health risks to consumers.

20.     Lumber Liquidators knew or should have known that its Chinese Flooring contained dangerous levels of formaldehyde at levels exceeding the CARB standards and the Toxic Substances Control Act.  Nonetheless, Lumber Liquidators' marketing materials for the Chinese Flooring contained false and misleading information relating to compliance with these laws, which were designed to increase sales of the product at issue.

21.     Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has continued to sell the Chinese Flooring to consumers and has not notified affected purchasers, builders, and/or homeowners of the defect in its flooring.

22.     Plaintiff and Class Members have not received the value for which they bargained when the Chinese Flooring was purchased.  There is a difference in value between the Chinese

Flooring, as warranted, and the Chinese Flooring containing the defect.  Plaintiff and Class Members would not have purchased the Chinese Flooring or would have paid less for it had they known it contained formaldehyde at levels in violation of CARB regulations and the Toxic Substances Control Act.

23.     Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring, and are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## PLAINTIFF'S FACTUAL ALLEGATIONS

24.     Plaintiff purchased approximately 628 square feet of Dream Home Kensington Manor Summer Retreat Teak (12 mm) laminate flooring from Lumber Liquidators via its website on December 15, 2014 for $1,223.10.  Plaintiff collected the purchased flooring from the Lumber Liquidators store located in Slidell, Louisiana on December 20, 2014.  Upon information and belief and as indicated on the product label, this flooring was manufactured at a laminate mill in China.

25.     In January 2015, Plaintiff's father installed the Chinese Flooring in the home Plaintiff shares with her mother, father, husband and four children.

26.     When Plaintiff visited the Lumber Liquidators store to complete her transaction and collect the purchased flooring, she specifically read the product label, which represented that the product was "California 93120 PHASE 2 Compliant for Formaldehyde."  Plaintiff relied on this representation and assumed that the Chinese Flooring complied with all applicable laws and regulations, as represented.  This representation was important to Plaintiff, as several members of her family have compromised immune systems.

27.     Plaintiff would not have purchased the flooring had she known it did not comply with CARB formaldehyde standards.

28.     When Plaintiff purchased the Chinese Flooring, the representations on the product packaging, on Lumber Liquidators' website, and made by Lumber Liquidators' salespeople, regarding compliance with CARB formaldehyde standards were not true.  Rather, the Chinese Flooring contained formaldehyde levels in excess of CARB standards and other applicable laws and regulations.

29.     Plaintiff would not have purchased the Chinese Flooring from Lumber Liquidators had she known about the defect in the flooring, including that it did not comply with CARB formaldehyde standards and other applicable laws and regulations.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action on behalf of herself and all others similarly situated for the purpose of asserting claims alleged in this complaint on a common basis.

31.     Pursuant to Rules 23(a), (b)(3), (b)(2) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following Class of persons:

> **INJUNCTIVE RELIEF CLASS:**
> **All persons and entities in the state of Louisiana who purchased and installed engineered wood and laminate flooring from Lumber Liquidators, either directly or through an agent, that was sourced, processed, or manufactured in China.**
>
> **DAMAGES CLASS:**
> **All persons in the state of Louisiana who purchased and installed engineered wood or laminate flooring from Lumber Liquidators, either directly or through an agent, that was sourced, processed or manufactured in China.**

Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Classes may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Classes are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

## Numerosity

32.     The proposed Class is so numerous that individual joinder of all Members is impracticable.

33.     Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states, including Louisiana. In addition, Lumber Liquidators has annual revenues of more than one billion dollars, and more than 100 million square feet of Lumber Liquidators laminate flooring is installed in homes in the United States each year. As a result, the proposed Class likely includes thousands, if not tens of thousands, of Members. While the precise number and identities of Class Members are unknown at this time, such information can be readily ascertained from Defendants' records and through appropriate investigation and discovery. The disposition of Class Members' claims in a single action will provide substantial benefit to all parties and to the Court.

## Predominance of Common Questions of Law and Fact

34.     Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

> a.   Whether Lumber Liquidators' Chinese Flooring emits excessive levels of formaldehyde;

b.  Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to its labels and marketing descriptions;

c.  Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and Class Members regarding the compliance of its Chinese Flooring products with applicable laws and regulations;

d.  Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and Class Members with respect to its Chinese Flooring products;

e.  Whether Lumber Liquidators has been unjustly enriched as a result of its conduct;

f.  Whether, as a result of Lumber Liquidators' conduct, Plaintiff and Class Members have suffered damages and, if so, the appropriate measure of damages to which they are entitled; and

g.  Whether, as a result of Lumber Liquidators' misconduct, Plaintiff and Class Members are entitled to equitable relief or other relief and, if so, the nature of such relief.

## Typicality

35.  Plaintiff's claims are typical of the claims of the other Class Members. Plaintiff and each Class Member has been injured by the same misconduct of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class Members' claims and are based on the same legal theories.

## Adequacy

36.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and her counsel are committed to the vigorous prosecution of this action.

**Superiority**

37.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

    a.  The claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

    b.  Individual joinder of all Class Members is impracticable;

    c.  Absent a Class, Plaintiff and Class Members will continue to suffer harm as a result of Defendants' unlawful conduct;

    d.  Given the amount of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress for the wrongs Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    e.  Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

    f.  Adjudications of individual Class Members' claims against Defendants would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other Class Members to protect their interests; and

    g.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused by Defendants.

38.     Defendants implemented uniform policies and practices relating to the Chinese Flooring, which resulted in uniform damage to Plaintiff and Class Members.  As a result, Defendants have acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     Defendants' failure to comply with their legal obligations and warranties to consumers arises out of a common omission or failure to act, which has a uniform effect on Plaintiff and all Class Members.  Plaintiff seeks preliminary and permanent injunctive relief and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Defendants to discontinue their unlawful conduct.

40.     Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants.  Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

**FIRST CAUSE OF ACTION**
**Redhibition**
**(By Louisiana Plaintiffs Against All Defendants)**

41.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42.     The Chinese Flooring contains vices or defects which render it useless or its use so inconvenient that it must be presumed that buyers would not have bought it if they had known of the defect.

11

43.     Pursuant to La. C.C. art 2520, the seller warrants the buyer against redhibitory defects, or vices in the thing sold.  Defendants sold the Chinese Flooring, placing it into the stream of commerce.

44.     The defects in the Chinese Flooring sold by Lumber Liquidators, in the form of dangerous and excessive levels of formaldehyde, existed at the time the flooring was sold, and renders the flooring so useless that Plaintiff would not have purchased the flooring had she known it contained such defects.  Plaintiff is entitled to obtain recission of the sale.  La. C.C. art 2520.

45.     Defendant is considered a "manufacturer" of the Chinese Flooring at issue, pursuant to La. R.S. 9:2800.53, as Defendant holds itself out to be the manufacturer of the Chinese Flooring and/or exercises control over or influences the design, construction, or quality of the Chinese Flooring product, and therefore is deemed to know that the defective flooring has a redhibitory defect, pursuant to La. C.C. art. 2545.

46.     Defendant is liable as a bad faith seller for selling the defective Chinese Flooring with knowledge of the defect.

47.     Lumber Liquidators warranted that its Chinese Flooring was free of defects when it sold the flooring to Plaintiff and Class Members, as described in this complaint. Lumber Liquidators further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations. Plaintiff and Class Members reasonably relied upon Defendants' representations when purchasing the defective flooring.

48.     Plaintiff and all others similarly situated provided Lumber Liquidators with timely notice of its breach of warranty, to no avail.

12

49.     Additionally and/or in the alternative, Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from other customers similarly situated to Plaintiff, from numerous Internet complaints posted by customers complaining of excessive formaldehyde emissions from the flooring, from various news articles and reports detailing the results of testing of the defective flooring, which documented high formaldehyde levels, and from the federal securities class action lawsuits *Kiken v. Lumber Liquidators Holdings, Inc., et. al.,* Case No. 4:13-cv-00157 (E.D. Va.) and *City of Hallandale Beach Police Officers' and Firefighters' Personnel Retirement Trust v. Lumber Liquidators Holdings, Inc.*, Case No. 4:14-cv-00154 (E.D. Va.), and consumer class action lawsuits *Williamson, et al. v. Lumber Liquidators Holdings, Inc.*, Case No. 1:13-cv-0487 (E.D. Va.), and *Lambert, et al. v. Lumber Liquidators Holdings, Inc.*, Case No. 1:14-cv-35 (E.D. Va.), which include allegations regarding excessive levels of formaldehyde in the products manufactured and sold by Lumber Liquidators.

50.     As a direct and proximate result of Lumber Liquidators' breach of the warranty of redhibition, Plaintiff and Class Members have suffered damages and continue to suffer damages.

51.     Plaintiff and Class Members are entitled to rescission of the sale of the defective flooring, return of the purchase price with interest from the time it was paid, reimbursement for the reasonable expenses occasioned by the sale, consequential damages related to the removal and replacement of the flooring, attorneys' fees, and all other damages to be proven at trial of the instant matter as a result of Lumber Liquidators breach of the warranty of redhibition with respect to the defective flooring at issue.

13

## SECOND CAUSE OF ACTION
### Breach of Warranty of Fitness for Ordinary Use

52.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference paragraphs 1 through 40 as fully set forth herein.

53.     In addition to warranting against redhibitory defects, Defendants warranted that the Chinese Flooring was reasonably fit for its ordinary and intended use.  La. C.C. art 2524.

54.      The Chinese Flooring contained dangerous levels of formaldehyde at levels exceeding the CARB standards and the Toxic Substances Control Act and posed serious health risks to consumers.  As a result, the Chinese Flooring is unfit for ordinary use.

55.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members were harmed.

## THIRD CAUSE OF ACTION
### Louisiana Products Liability Act

56.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference paragraphs 1 through 40 as is fully set forth herein.

57.     In addition to any and all damages and other remedies, Defendant is liable to Plaintiff and Class Members under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.*

58.     Defendants are considered "manufacturers" of the Chinese Flooring at issue, pursuant to La. R.S. 9:2800.53, as Defendants hold themselves out to be the manufacturers of the Chinese Flooring and/or exercise control over or influence the design, construction, or quality of the Chinese Flooring product.

59.     Defendants expressly warranted that the Chinese Flooring complied with CARB formaldehyde standards and all applicable laws and regulations.  The Chinese Flooring did not conform to the Defendants' express warranty.  La. R.S. 9:2800.54.

60.     At the time the Chinese Flooring left Defendants' control, the Chinese Flooring was defective and unreasonably dangerous in construction or composition in that, it deviated in a material way from Defendants' manufacturing standards. La. R.S. 9:2800.55.

61.     At the time the Chinese Flooring left Defendants' control it contained insufficient warnings in that it did not alert consumers of the dangerous condition of the Chinese Flooring. La. R.S. 9:2800.57.

62.     Defendants had a continuing duty to warn Plaintiff and Class Members of the defective condition of the Chinese Flooring.

63.     As a result of the Defendants' acts and omissions, Plaintiff and Class Members have suffered and incurred damages.  Defendants are liable for all reasonable damages.

### FOURTH CAUSE OF ACTION
#### Unjust Enrichment

64.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

65.     Plaintiff and Class Members conferred a benefit on Defendants when they purchased the Chinese Flooring.

66.     Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class Members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, was not fit for its ordinary and intended use, and did not perform in

15

accordance with the labeling, advertisements, marketing materials and warranties disseminated by Lumber Liquidators, nor did it perform in accordance with the reasonable expectations of ordinary consumers, and caused Plaintiff and Class Members to lose money as a result thereof.

67.     Plaintiff and Class Members were impoverished as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the representation that the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

68.     Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class Members is unjust and inequitable, Lumber Liquidators must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

69.     Plaintiff and Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct.

**FIFTH CAUSE OF ACTION**
**Negligent Misrepresentation**

70.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

71.     Lumber Liquidators owed a duty of care to Plaintiff, Class Members, and their agents or predecessors, to provide a flooring product that was fit for its intended use.

72.     Lumber Liquidators specifically represented to Plaintiff, Class Members, and/or their agents or predecessors, that the flooring product at issue was fit for its intended use, and did not contain the defects complained of herein.

73.     When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

74.     Lumber Liquidators knew that Plaintiff, Class Members, and their agents or predecessors, were relying on the representations.

75.     In reliance upon the representations, Plaintiff and Class Members purchased the Chinese Flooring and installed it in their homes.

76.     As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiff and Class Members have been damaged, as set forth in this complaint.

77.     As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including costs, interest and fees, including attorneys' fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for a judgment against Defendants as follows:

a. For an order certifying the Class, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as Representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiff and the Damages Class;

c. For equitable and/or injunctive relief for the Injunctive Relief Class;

d. For payment of costs of suit herein incurred;

e. For both pre-judgment and post-judgment interest on any amounts awarded; and,

g.  For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and for such other and further relief as the Court may deem just and proper.

<b>JURY DEMAND</b>

Plaintiff, on behalf of herself and Class Members, hereby demands a trial by jury as to all issues so triable.

Date:  March 13, 2015                                  Respectfully submitted,

**HERMAN, HERMAN & KATZ, LLC**

/s/ Leonard A. Davis
Russ M. Herman (La. Bar No. 6815)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (La. Bar No. 23129)
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: rherman@hhklawfirm.com
           ldavis@hhklawfirm.com
           sherman@hhklawfirm.com

Rene F. Rocha III (LA Bar No. 34411)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone: (954) 318-0268
Facsimile: (954) 327-3018
Email: rrocha@forthepeople.com

Rachel Soffin* (FL Bar No. 0018054)
John A. Yanchunis* (FL Bar No. 324681)
Jonathan B. Cohen* (FL Bar No. 0027620)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
Email: rsoffin@forthepeople.com

jyanchunis@forthepeople.com
jcohen@forthepeople.com

Joel R. Rhine* (NC Bar No. 16028)
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
Email: jrr@rhinelawfirm.com

Jonathan Shub* (PA Bar No. 53965)
**SEEGER WEISS LLP**
1515 Market Street
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
Email: jshub@seegerweiss.com

*Attorneys for Plaintiff*

*\* Pending pro hac vice application*